# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMIAH FIGUEROA (32).<br><br>Defendant. | CASE NO. 12cr236-GPC<br>Related Case No. 16cv1435-GPC<br><br>**ORDER DENYING IN PART AND STAYING IN PART PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Petitioner Jeremiah Figueroa ("Petitioner"), proceeding with counsel, filed a motion to vacate, set aside, or correct their sentence pursuant to 28 U.S.C § 2255. (Dkt. No. 1972.) Respondent filed an omnibus response to the petition.[1] (Dkt. No. 2016). Petitioner filed his reply. (Dkt. No. 2023.) A hearing was held on January 30, 2017. (Dkt. No. 2042.) Based on the reasoning below, the Court DENIES in part and STAYS in part Petitioner's motion to vacate, set aside or correct his sentence pending the United States Supreme Court's ruling on <u>Sessions v. Lynch</u>, No. 15-1498, <u>cert. granted</u>

---

[1] The government's response also included an opposition to motions to vacate, set aside, or correct sentence filed by Rudy Espudo, Miguel Grado, Julio Solorzano and Jose Cornejo. (Dkt. No. 2016.)

- 1 - [12CR236]

sub nom. Lynch v. Dimaya, 137 S. Ct. 31 (Sept. 29, 2016)[2] and the Ninth Circuit's decision in United States v. Begay, No. 14-10080, where it is considering the constitutionality of § 924(c)3)(B).[3]

**Background**

On January 19, 2012, the Grand Jury returned an Indictment charging 40 defendants with Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy in violation of 18 U.S.C. § 1962(d) as well as numerous other counts for their involvement in the Mexican Mafia in the North San Diego County area. (Dkt. No. 1.) A Superseding Information was returned on September 5, 2013 as to counts against Petitioner Figueroa. (Dkt. No. 1325.)

In August 2013, Figueroa went to trial with seven other defendants. On September 5, 2013, before the case was turned over to the jury, he pled guilty pursuant to a written plea agreement to two counts of the Superseding Information. (Dkt. No. 1325). He pleaded guilty to Count 1 for Possession of a Firearm During and In Relation to the Crime of Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity under 18 U.S.C. § 1962(d) to include racketeering acts of robbery and extortion ("RICO Conspiracy"), and Count 2 for Possession of a Firearm During and in Relation to a Crime of Violence in violation of § 924(c)(1)(A) for the crime of interference with commerce by robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act Robbery"). (Dkt. No. 1327.)

According to an agreement made at the sentencing hearing, on October 6, 2014, he was sentenced to 60 months in custody on Count 1 to run concurrent with a corresponding state court case where he had also received a sentence of 25 years, and

---

[2] Although Sessions v. Dimaya, 15-1498, was set on the Supreme Court's calendar for the 2016 term, on June 26, 2017, the case was restored to the calendar for reargument and is reset for argument on October 2, 2017. See https://www.supremecourt.gov/oral_arguments/argument_calendars.aspx (last visited July 26, 2017).

[3] The Ninth Circuit has deferred its decision pending Dimaya. See Begay, No. 14-10080, Dkt. No. 87 (9th Cir. Mar. 29, 2017).

240 months in custody on Count 2 to run consecutively to Count 1 and concurrent with state court case. (Dkt. Nos. 1774, 1776, 1816.) Figueroa did not appeal his conviction or sentence.

## Discussion

### A. Legal Standard on 28 U.S.C. § 2255

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To warrant relief under section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

### B. Johnson v. United States Ruling

In Johnson v. United States, the United States Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act of 1984 ("ACCA") for "any crime punishable by imprisonment for a term exceeding one year . . . that – (ii) otherwise involves conduct that presents a serious potential risk of physical injury to another", 18 U.S.C. § 924(e)(2)(B)(ii), violates the constitutional right to due process. Johnson v. United States, 135 S. Ct. 2551, 2555 (2015). The ACCA "imposes a special mandatory fifteen year prison term upon felons who unlawfully possess a firearm and who also have three or more previous convictions for committing certain drug crimes or 'violent felon[ies].'" Begay v. United States, 128 S.Ct. 1581, 1583 (2008). The ACCA defines a "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that-
> (i) has as an element the use, attempted use, or threatened use of

physical force against the person of another[4], or
(ii) is burglary, arson, or extortion, involves use of explosives,[5] or otherwise involves conduct that presents a serious potential risk of physical injury to another.[6]

18 U.S.C. § 924(e)(2)(B).

In <u>Johnson</u>, the Court held the ACCA's residual clause is void for vagueness and "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." <u>Johnson</u>, 135 S. Ct. at 2563. The Court explained that "[w]e are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." <u>Id.</u> at 2557. The Court expressly stated the decision does not apply to the remainder of the ACCA's definition of violent felony or the four enumerated offenses. <u>Id.</u> Moreover, it rejected the government and dissent's position that "dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt" by responding, "[n]ot at all." <u>Id.</u> at 2561.

Section 924(c) is a sentencing enhancement provision that provides a series of mandatory consecutive sentences for using or carrying a firearm in furtherance of a "crime of violence or drug trafficking crime." <u>See</u> 18 U.S.C. § 924(c).[7] Section

---

[4]This section is referred to as the "elements" or "force" clause.

[5]This section is referred to as the "enumerated offenses clause." <u>See</u> <u>Johnson</u>, 135 S. Ct. at 2559, 2563.

[6] This section has become known as the "residual clause." <u>Id.</u> at 2556.

[7]Section 924(c)(1)(A) provides,

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person

- 4 -

924(c)(3) defines the term "crime of violence" as:

> an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).[8]

**Analysis**

**A.  Procedural Default**

The government argues that Petitioner has procedurally defaulted his challenge to § 924(c)(3)(B) by failing to raise this issue on direct appeal.  Petitioner disagrees.

"The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." Sanchez-Llamas v. Oregon, 548 U.S. 331, 350-51 (2006); United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003).  There is, however, "an exception if a defendant can demonstrate both 'cause' for not raising the claim at trial, and 'prejudice' from not having done so."  Sanchez-Llamas, 548 U.S. at 351.

---

may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

[8] Courts have referred to subsection (A) as the "elements" or "force" clause and subsection (B) as the "residual clause." United States v. Abdul-Samad, No. 10-CR-2792 WQH, 2016 WL 5118456, at *3 (S.D. Cal. Sept. 21, 2016).

"[T]he cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim" on appeal. McCleskey v. Zant, 499 U.S. 467, 493 (1991) (internal quotation marks omitted). Cause can be demonstrated by "a showing that the factual or legal basis for a claim was not reasonably available to counsel." Id.; Murray v. Carrier, 477 U.S. 478, 488 (1986). "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim." Reed v. Ross, 468 U.S. 1, 16 (1984). The Supreme Court has held that a novel rule meets this standard when "a decision of this Court . . . explicitly overrule[s] one of our precedents." Id. at 17.

Here, Johnson expressly overruled Supreme Court precedent. See Johnson, 135 S. Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in James[9] and Sykes[10] are overruled."). Therefore, Petitioner has demonstrated cause. See e.g, Alvarado v. United States, Case No. CV 16-4411-GW, 2016 WL 6302517, at *3 (C.D. Cal. Oct. 14, 2016) (Petitioner established cause based on Johnson ruling); United States v. Casas, Civil Case No. 16cv1339-BTM, 2017 WL 1008109, at *2 (S.D. Cal. Mar. 14, 2017) (cause established based on Johnson).

As to prejudice, the government generally argues that Petitioner has not suffered any actual prejudice because his sentence remains lawful. Petitioner contends that if he prevails "his sentence would have been the height of prejudice because it was based on an unconstitutional provision." (Dkt. No. 2023 at 6.)

"If a petitioner succeeds in showing cause, the prejudice prong of the test requires demonstrating 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" United States v. Braswell, 501

---

[9]James v. United States, 550 U.S. 192 (2007).

[10]Sykes v. United States, 564 U.S. 1 (2011).

F.3d 1147, 1150 (9th Cir. 2007) (emphasis in original) (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982)).  In this case, if Petitioner were to prevail on his motion, his sentence be unlawful and vacated.  Therefore, the Court concludes that Petitioner has demonstrated actual prejudice.  In sum, Petitioner's claims are not procedurally default.

**B.     Waiver**

The government also argues that Figueroa waived his right to collaterally attack his sentence in his written plea agreement.  Petitioner argues that Ninth Circuit authority supports his waiver argument.

Figueroa signed his plea agreement as well as initialed each page of the agreement.  (Dkt. No. 1327.)  Specifically, he waived any right to appeal or to collaterally attack his conviction and sentence.  (<u>Id.</u> at 11.)

A waiver of appellate rights, if knowing and voluntary, are "regularly enforce[d]."  <u>United States v. Gordon</u>, 393 F.3d 1044, 1050 (9th Cir. 2004).  However, an appeal waiver will not apply if the defendant's sentence is "illegal," which includes a sentence that "violates the Constitution."  <u>United States v. Torres</u>, 828 F.3d 1113, 1125 (9th Cir. 2016) (quoting <u>United States v. Bibler</u>, 495 F.3d 621, 624 (9th Cir. 2007)).

Here, if Petitioner were to prevail on his argument that § 924(c)(3) is void for vagueness, then his sentence would violate the constitution.  Therefore, the waiver in his plea agreement does not bar his petition.

**C.     Merits**

Figueroa argues that his RICO Conspiracy and Hobbs Act robbery convictions are no longer "crimes of violence" after <u>Johnson</u>.  First, he argues that <u>Johnson</u> applies equally to the residual clause at issue in light of the Ninth Circuit's ruling in <u>Dimaya v. Lynch</u>, 803 F.3d 1110, 1111 (9th Cir. 2015).  Second, he contends that both convictions are not "crimes of violence" under the alternative force clause.  The government rejects Petitioner's argument that <u>Johnson</u> applies to this case arguing that § 924(c) is not vague on its face or as applied, and therefore, <u>Johnson</u> does not

undermine the residual clause of § 924(c)(3)(B). Next, the government argues that the Hobbs Act robbery conviction still remains a crime of violence under the elements clause of § 924(c).

Figueroa was convicted of two counts for Possession of a Firearm During and in Relation to a Crime of Violence in violation of § 924(c)(1)(A). (Dkt. Nos. 1327, 1328.) The underlying crime of violence in Count 1 was RICO conspiracy and the underlying crime of violence in Count 2 was Hobbs Act robbery. (Dkt. No. 1325.)

### 1. Whether RICO Conspiracy is a Crime of Violence under the Residual Clause of § 924(c) after Johnson

Petitioner argues that before Johnson, courts had relied on the residual clause to find RICO conspiracy a crime of violence. See United States v. Juvenile Male, 118 F.3d 1344, 1350 (9th Cir. 1997) (quoting United States v. Mendez, 992 F.2d 1488, 1490 (9th Cir. 1993) ("a conspiracy to commit an act of violence is an act involving a 'substantial risk' of violence.")). Since Johnson held that the residual clause in the ACCA is void for vagueness, Petitioner argues that Johnson applies to the residual clause of § 924(c) because the Ninth Circuit in Dimaya held that the identically worded definition of "crime of violence" referenced in the Immigration and Nationality Act ("INA"), 18 U.S.C. § 16(b), is unconstitutionally vague. Dimaya, 803 F.3d at 111. Since 18 U.S.C. § 16(b) is identical to the language of 18 U.S.C. § 924(c), Figueroa contends the Court should conclude that § 924(c)(3)(B) is unconstitutionally vague and his sentence should be reduced. The Government does not dispute that RICO conspiracy has been deemed a crime of violence under the residual clause but argues that § 924(c)(3)(B) is not vague on its face or as applied.

In Dimaya, the Ninth Circuit examined a provision for the removal of non-citizens who have been convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). An "aggravated felony," includes, *inter alia*, "a crime of violence (as defined in section 16 of Title 18 . . . )." 8 U.S.C. § 1101(a)(43)(F).

/ / / /

> The term "crime of violence" means--
>
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. In <u>Dimaya</u>, the Ninth Circuit, relying on the analysis in <u>Johnson</u>, held that 18 U.S.C. § 16(b), as incorporated in 8 U.S.C. § 1101(a)(43)(F) is unconstitutionally vague. <u>Id.</u> Notably, the Ninth Circuit limited its decision to the statute at issue, 8 U.S.C. § 1101(a)(43)(F), which defines an aggravated felony for purposes of subjecting a non-citizen to removal under 8 U.S.C. § 1227(a)(2)(A)(iii). <u>Id.</u> at 1120 n.17 ("Our decision does not reach the constitutionality of applications of 18 U.S.C. § 16(b) outside of 8 U.S.C. § 1101(a)(43)(F) or cast any doubt on the constitutionality of 18 U.S.C. § 16(a)'s definition of a crime of violence.").

The Sixth and Seventh Circuits have similarly invalidated the residual clause of 18 U.S.C. § 16 under <u>Johnson</u>. <u>See</u> <u>United States v. Vivas–Ceja</u>, 808 F.3d 719, 720 (7th Cir. 2015) ("§ 16(b) is materially indistinguishable from the ACCA's residual clause" and "it too is unconstitutionally vague according to the reasoning of <u>Johnson</u>."); <u>Shuti v. Lynch</u>, 828 F.3d 440, 451 (6th Cir. 2016); <u>but see</u> <u>United States v. Gonzalez–Longoria</u>, 831 F.3d 670, 677 (5th Cir. 2016) (en banc) (18 U.S.C. § 16(b) is not unconstitutionally vague).

However, the Ninth Circuit has not yet ruled whether the residual clause under § 924(c)(3) is unconstitutional. The Second, Fifth, Sixth, Eighth, and Eleventh Circuits have rejected a specific challenge to the residual clause of § 924(c)(3) as void for vagueness. <u>See</u> <u>United States v. Taylor</u>, 814 F.3d 340, 376 (6th Cir. 2016); <u>United States v. Davis</u>, 677 F. App'x 933, 936 (5th Cir. 2017); <u>United States v. Hill</u>, 832 F.3d 135, 145 (2d Cir. 2016); <u>United States v. Prickett</u>, 839 F.3d 697, 699 (8th Cir. 2016); <u>Ovalles v. United States</u>, 861 F.3d 1257, 1266 (11th Cir. 2017). The Sixth Circuit provided several factors that distinguished ACCA's residual clause from the residual

clause in § 924(c)(3)(B).

> First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury. Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B). Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B). Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

Taylor, 814 F.3d at 376.

Interestingly, the Sixth Circuit initially held Johnson did not apply to the residual clause of § 924(c)(3) and was not void for vagueness, Taylor, 814 F.3d at 376, and later that year, the Sixth Circuit held that based on Johnson, the residual clause of 8 U.S.C. § 16 is void for vagueness. Shuti, 828 F.3d at 451. In Shuti, the Sixth Circuit distinguished its ruling in Taylor explaining that § 924(c) is a criminal offense and "creation of risk is an element of the crime" which must be proven beyond a reasonable doubt while the ACCA and INA requires a "categorical approach to stale predicate convictions." Shuti, 828 F.3d at 449.

Following Dimaya, district courts in the Ninth Circuit are split on whether § 924(c)(3)(B) is unconstitutionally vague. Compare United States v. Lattanaphom, 159 F. Supp. 3d 1157, 1164 (E.D. Cal. 2016) (relying on Dimaya and holding that residual clause of § 924(c) unconstitutional); United States v. Bell, 158 F. Supp. 3d 906, 922-24 (N.D. Cal. 2016) (same); United States v. Shumilo, No. CR 09-939,GW-51, 2016 WL 6302524, at *3-5 (C.D. Cal. Oct. 24, 2017) with United States v. Lott, No. 95cr0072 WQH, 16cv1575 WQH, 2017 WL 553467, at *3 (S.D. Cal. Feb. 9, 2017) ("Dimaya does not control the issue of the constitutionality of § 924(c)(3)(B)."); Mondragon-Hernandez v. United States, No. 10-CR-3173-H-1; 16-CV-1537-H, 2017 WL 1080600, at *4 (S.D. Cal. Mar. 22, 2017).

Without the precedent of Dimaya, many district courts outside the Ninth Circuit

have declined to extend Johnson to § 924(c). See United States v. Villanueva, No. 12cr205-T-17MAP, 2016 WL 4411508, at *2 (M.D. Fla. Aug. 16, 2016); United States v. Dervishai, 169 F. Supp. 3d 339, 347 (E.D. N.Y. Mar. 14, 2016) (holding § 924(c)(3)(B) is constitutional notwithstanding Johnson concluding that "[t]he short of it is that the residual clause in the firearms statute is more specific and more narrow than ACCA's residual clause in three significant respects: its focus on physical force, its heightened substantial risk standard, and its temporal limitation"); United States v. Green, No. 15–cr–00526, 2016 WL 277982, at *3–5 (D. Md. Jan. 22, 2016); United States v. Willie Moore, No. 3:03-cr-169, 2016 WL 126921, at *2 (S. D. Ohio Jan. 12, 2016) ("Nothing in Johnson implies that § 924(c) is unconstitutional"); United States v. Walker, No. 3:15cr49, 2016 WL 153088, at *9 (E.D. Va. Jan. 12, 2016) (declining to extend Johnson to § 924(c)(3)(B)); United States v. Tsarnaev, 157 F. Supp. 3d 57, 71-74 (D. Mass. 2016); United States v. Prickett, No. 14–cr-30018, 2015 WL 5884904, at *2–3 (W.D. Ark. Oct. 8, 2015).

In distinguishing its holding on the residual clause of the ACCA, the Supreme Court in Johnson explained that the laws cited by the government[11] including "substantial risk" under § 924(c) is not linked to a confusing list of examples, and requires assessing riskiness of conduct in which a defendant engages on a particular occasion. Johnson, 135 S. Ct. at 2561. "As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct; 'the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree,' . . . ." Id.

Due to the state of the cases, and that Dimaya is currently under review by the Supreme Court, the Court stays the case until the Supreme Court's ruling in Dimaya

---

[11]Johnson v. United States, Supplemental Br. for the U.S., 2015 WL 1284964 at 22-23 (Mar. 20, 2015) (noting that § 924(c)(3)(B) uses the same formulation of the word "substantial risk.).

1 and if timely ruled upon after Dimaya, the Ninth Circuit's ruling in Begay.[12]  At the hearing, the parties did not dispute the Court's tentative ruling of staying the case.

### 2. Whether Hobbs Act Robbery Remains a Crime of Violence under the Elements Clause

The government argues that Hobbs Act robbery remains a crime of violence under the elements clause of § 924(c). Figueroa argues that despite the Ninth Circuit's holding in United States v. Howard, 650 Fed. App'x. 466, 468 (9th Cir. 2016), as amended (June 24, 2016) that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c), the court did not take a position on whether crimes that require only a *de minimis* use of force qualify as crimes of violence.  Petitioner provides cases concerning other state's common law robbery statutes, which can be accomplished through de minimus force, and contends that Hobbs Act robbery is comparable to these states's common law robbery statutes.

Hobbs Act robbery provides,

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).  "Robbery" under the Hobbs Act is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by *means of actual or threatened force, or violence, or fear of injury*, immediate or future, to his person or property."  18 U.S.C. § 1951(b)(1) (emphasis added).

To determine whether an offense, Hobbs Act robbery, is a "crime of violence," courts employ the "categorical" approach and compares the elements of Hobbs Act

---

[12]Figueroa also argues that his conviction does not fall under the force clause because RICO conspiracy does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).  The government does not dispute this argument and does not present arguments that RICO conspiracy is a crime of violence under the force clause.  The Court declines to address this issue as it is unopposed.

robbery with the definition of "crime of violence."  See Taylor v. U.S., 495 U.S. 575, 600 (1990).  Hobbs Act robbery is a crime of violence under § 924(c)(3) if the offense "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).  In Mendez, the Ninth Circuit expressly stated that robbery is a crime of violence under the force clause of § 924(c)(3)(A).  United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir. 1993) ("Robbery indisputably qualifies as a crime of violence . . . containing element of 'actual or threatened force, or violence'".)  Recently, the Ninth Circuit specifically held that Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c).  Howard, 650 Fed. App'x. at 468 ("Because bank robbery by 'intimidation'– which is defined as instilling fear of injury-qualifies as a crime of violence, Hobbs Act robbery by means of 'fear of injury' also qualifies as crime of violence.").  District courts have also held the same.  See U.S.A. v. Bailey, No. CR14-328-CAS, 2016 WL 3381218, at *4 (C.D. Cal. June 8, 2016), reconsideration denied sub nom. U.S.A. v. Dorsey, No. 2:14-CR-00328(B)-CAS, 2016 WL 3607155 (C.D. Cal. June 30, 2016) ("[T]he Court joins a growing list of district courts to have found . . . that under the categorical approach, Hobbs Act robbery constitutes a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)."); United States v. Johnson, SACR 16-29-CJC-5, 2016 WL 7223264, at *3-4 (C.D. Cal. Dec. 12, 2016) (noting that the court is "unaware of any case where a Hobbs Act robbery was accomplished through *de minimus* use of force.").

Moreover, since Johnson, the Second, Third, Fifth, Eighth and Eleventh Circuits agree that Hobbs Act robbery is categorically a crime of violence under the physical force clause.  See United States v. Robinson, 844 F.3d 137, 151 (3d Cir. 2016) ("Because we conclude that Robinson's Hobbs Act robbery is a crime of violence under the elements clause, we will not address Robinson's challenge to the residual clause."); United States v. Buck, 847 F.3d 267, 274-75 (2017); In re Saint Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016) (holding that Hobbs Act robbery "clearly qualifies

as a 'crime of violence' under" the elements clause in Section 924(c)(3)(A)); <u>United States v. House</u>, 825 F.3d 381, 387 (8th Cir. 2016) ("Hobbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another.'"); <u>United States v. Hill</u>, 832 F.3d 135, 144 (2d Cir. 2016) (agreeing with Ninth Circuit's ruling in <u>Howard</u> that Hobbs Act robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another.").

In a footnote, the Ninth Circuit, in <u>Howard,</u> noted that this "circuit has held that crimes that require only a *de minimis* use of force do not qualify as crimes of violence under USSG § 2L1.2" but since the appellant did not argue that Hobbs Act robbery may be accomplished through *de minimis* use of force, it declined to take a position on that issue. <u>Howard</u>, 650 Fed. App'x at 468 n. 1.

Under the categorical approach, there must be a "realistic probability, not a theoretical possibility" that a statute would be applied in a way that falls outside the generic definition of a crime. <u>Gonzales v. Duenas-Alvarez</u>, 549 U.S. 183, 193 (2007). To make that showing, a defendant may demonstrate that the statute "was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." <u>Id.</u> In addressing the footnote in <u>Howard</u> about the *de minimus* use of force, district courts have concluded that petitioners had not demonstrated more than a theoretical possibility that Hobbs Act robbery can be committed with *de minimus* contact. <u>See</u> <u>Lott</u>, 2017 WL 553467, at *6; <u>see also</u> <u>United States v. Kincade</u>, No. 2:15-cr-0071-JAD-GWF, 2017 WL 2156985, at *3 (D. Nev. May 16, 2017) ("[e]ven if there is some theoretical possibility that Hobbs Act Robbery may be committed with de minimis force . . . [the defendant] must demonstrate that there is 'a realistic probability, not a theoretical possibility' that this is so."); <u>United States v. Casas</u>, No. 10-cr-3045-1-BTM, 2017 WL 1008109, at *3 (S.D. Cal. Mar. 14, 2017); <u>Johnson</u>, 2016 WL 7223264, at *3 ("Defendant's argument is wholly unavailing. To prevail under the

categorical approach, Defendant must present 'a realistic probability, not a theoretical possibility,' that the statute encompasses conduct that falls outside the generic definition of a crime." (quotation marks omitted)).

Figueroa has not set forth any cases, including his own, where Hobbs Act robbery has been committed with *de minimus* force, and consequently, has not demonstrated a "realistic probability" that Hobbs Act robbery can be committed with minimal force. See Gonzales, 549 U.S. at 193. Thus, the Court concludes that Hobbs Act robbery remains a crime of violence under the elements clause of § 924(c)(3)(A). The Court DENIES the petition on this issue.

**Conclusion**

Based on the reasoning above, the Court DENIES the petition based on his challenge to the Hobbs Act Robbery conviction and STAYS Petitioner's motion to vacate, set aside or correct sentence on whether RICO conspiracy is a crime of violence under the residual clause claim of § 924(c) pending a decision by the United States Supreme Court in Sessions v. Lynch, No. 15-1498, and a timely decision by the Ninth Circuit in United States v. Begay, No. 14-10080 (9th Cir.).

IT IS SO ORDERED.

DATED: August 9, 2017

HON. GONZALO P. CURIEL
United States District Judge