# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JEREMIAH FIGUEROA (32).<br><br>　　　　　Defendant. | CASE NO. 12cr236-GPC<br>Related Case No. 16cv1435-GPC<br><br>**ORDER DIRECTING RESPONDENT TO FILE A RESPONSE** |

On June 9, 2016, Petitioner Jeremiah Figueroa ("Petitioner"), proceeding with counsel, filed a motion to vacate, set aside, or correct their sentence pursuant to 28 U.S.C § 2255. (Dkt. No. 1972.) After full briefing, (Dkt. Nos. 2016, 2023), and a hearing on August 9, 2017, (Dkt. No. 2042), the Court denied in part and stayed in part Petitioner's motion. (Dkt. No. 2084.) Specifically, the Court stayed Petitioner's motion on whether RICO conspiracy is a crime of violence under the residual clause of 18 U.S.C. § 924(c) pending the United States Supreme Court's ruling on Sessions v. Lynch, No. 15-1498, cert. granted sub nom. Lynch v. Dimaya, 137 S. Ct. 31 (Sept. 29, 2016) and the Ninth Circuit's decision in United States v. Begay, No. 14-10080, where it is considering the constitutionality of § 924(c)(3)(B).[1] (Id.)

On April 17, 2018, the United States Supreme Court ruled on Sessions v.

---

[1] The Ninth Circuit deferred its decision pending Dimaya. See Begay, No. 14-10080, Dkt. No. 87 (9th Cir. Mar. 29, 2017).

Dimaya, 138 S. Ct. 1204 (2018) holding that the definition of a "crime of violence" in 18 U.S.C. § 16(b) is unconstitutionally vague.

On April 20, 2018, Petitioner filed a supplemental brief asking the Court to issue a ruling granting his request for relief based on the ruling in Dimaya and requesting the Court to decline to further stay this case pending Begay. Accordingly, the Court directs Respondent to file an opposition to the supplemental brief on or before **May 18, 2018**.

IT IS SO ORDERED.

DATED: April 25, 2018

HON. GONZALO P. CURIEL
United States District Judge