UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH FIGUEROA (32),<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.: 3:12-cr-00236-GPC<br>3:16-cv-01435-GPC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255**<br><br>**[Dkt. No. 1972.]** |

On June 9, 2016, Petitioner Jeremiah Figueroa ("Petitioner"), proceeding with counsel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C § 2255 arguing that his conviction and sentence under 18 U.S.C. § 924(c)(3)(B) is unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015). (Dkt. No. 1972.) Recently, on June 24, 2019, the United States Supreme Court ruled that the residual clause of 18 U.S.C. § 924(c)(3)(B), the specific issue in this case, is unconstitutionally void for vagueness, United States v. Davis, 139 S. Ct. 2319, 2336 (2019); therefore, the Court GRANTS Petitioner's relief for re-sentencing.

/ / /

/ / /

1

**Background**

On January 19, 2012, the Grand Jury returned an Indictment charging 40 defendants with Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy in violation of 18 U.S.C. § 1962(d) as well as numerous other counts for their involvement in the Mexican Mafia in the North San Diego County area. (Dkt. No. 1.) A Superseding Information was returned on September 5, 2013 as to counts against Petitioner Figueroa. (Dkt. No. 1325.)

On September 5, 2013, he pled guilty pursuant to a written plea agreement to two counts of the Superseding Information. (Dkt. Nos. 1325, 1327). He pleaded guilty to Count 1 for Possession of a Firearm During and In Relation to a Crime of Violence of Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity under 18 U.S.C. § 1962(d) ("RICO Conspiracy"), all in violation of 18 U.S.C. § 924(c)(1)(A), and Count 2 for Possession of a Firearm During and in Relation to a Crime of Violence of Attempted Interference with Commerce by Robbery under 18 U.S.C. § 1951 ("Hobbs Act Robbery"), all in violation of 18 U.S.C. § 924(c)(1)(A). (Dkt. No. 1327.)

According to an agreement made at the sentencing hearing, on October 6, 2014, he was sentenced to 60 months in custody on Count 1 to run concurrent with a corresponding state court case where he had also received a sentence of 25 years, and 240 months in custody on Count 2 to run consecutively to Count 1 and concurrent with state court case. (Dkt. Nos. 1774, 1776, 1816.) Figueroa did not appeal his conviction or sentence.

On June 9, 2016, Petitioner filed the instant motion to vacate his sentence and seeks re-resentencing arguing that his convictions are not crimes of violence under Johnson. (Dkt. No. 1972.) On August 9, 2017, the Court denied in part and stayed in part Petitioner's motion to vacate, set aside or correct his sentence pending the United

2

3:12-cr-00236-GPC  3:16-cv-01435-GPC

States Supreme Court's ruling on <u>Sessions v. Lynch</u>, No. 15-1498, <u>cert. granted sub nom.</u> <u>Lynch v. Dimaya</u>, 137 S. Ct. 31 (Sept. 29, 2016)[1] and the Ninth Circuit's decision in <u>United States v. Begay</u>, No. 14-10080,[2] where it was considering the constitutionality of 15 U.S.C. § 924(c)(3)(B). (Dkt. No. 2084.) The Court specifically denied the petition on his challenge to the Hobbs Act Robbery conviction and stayed the petition as to whether the residual clause of § 924(c) is unconstitutionally vague as to the RICO conspiracy conviction. (<u>Id.</u> at 15.[3])

On May 15, 2019, the government filed a supplemental motion to dismiss the petition under <u>United States v. Blackstone</u>, 903 F.3d 1020 (9th Cir. 2018) where the Ninth Circuit stated that "Supreme Court has not recognized that § 924(c)'s residual clause is void for vagueness in violation of the Fifth Amendment." (Dkt. No. 2208 at 1028.) In its briefing, the government recognized that if the Supreme Court in <u>Davis</u> concluded that § 924(c)(3)(B) is unconstitutionally vague, then Petitioner can invoke <u>Davis</u> to timely file a petition challenging his sentence. (Dkt. No. 2207 at 2.) Petitioner filed a response opposing the government's request to dismiss the petition as premature. (Dkt. No. 2208.) On June 24, 2019, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally void for vagueness. <u>Davis</u>, 139 S. Ct. at 2336.

On July 14, 2019, Petitioner filed a Notice of the Supreme Court's decision in <u>Davis</u> holding that the residual clause of 18 U.S.C. § 924(c)(3)(B) was void for vagueness. (Dkt. No. 2235.) He also noted that the Supreme Court rejected the "case-

---

[1] On April 17, 2018, the Supreme Court invalidated the residual clause of 18 U.S.C. § 16(b) as unconstitutionally vague. <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204, 1223 (2018).
[2] On August 19, 2019, the Ninth Circuit reversed the § 924(c)(3)(B) conviction because second-degree murder cannot constitute a crime of violence under the elements clause and also under the residual clause pursuant to <u>Davis</u>. <u>United States v. Begay</u>, -- F.3d --, 2019 WL 3884261, at *6 (9th Cir. Aug. 19, 2019).
[3] Page numbers are based on the CM/ECF pagination.

specific approach" to the residual clause proposed by the government. He further asserted that the Solicitor General has conceded that <u>Davis</u> will apply retroactively to cases on collateral review. (<u>Id.</u> at 2.) On July 31, 2019, the Court lifted the stay in light of <u>Davis</u> and directed the government to respond to Petitioner's Notice. (Dkt. No. 2239.) The government did not file a response.

## Discussion

**A.    Legal Standard on 28 U.S.C. § 2255**

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To warrant relief under section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." <u>United States v. Timmreck</u>, 441 U.S. 780, 783 (1979) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)).

**B.    Discussion**

Section 924(c) is a sentencing enhancement provision that provides a series of mandatory consecutive sentences for using or carrying a firearm in furtherance of a "crime of violence or drug trafficking crime." <u>See</u> 18 U.S.C. § 924(c). Section 924(c)(3) defines the term "crime of violence" as:

an offense that is a felony and –

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

4

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) of § 924(c)(3) is known as the "elements clause," and subsection (B) is known as the "residual clause." Davis, 129 S. Ct. at 2324. The Supreme Court in Davis, resolving a circuit split, held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Id. The government does not dispute that RICO conspiracy has been deemed a crime of violence under the residual clause and does not argue that RICO conspiracy constitutes a crime of violence under the elements clause. (Dkt. No. 2082.) It only argues that § 924(c)(3)(B) is not vague on its face or as applied. (Id.) Davis directly addresses the government's argument and held that § 924(c)(3)(B) is unconstitutionally vague. Therefore, the Court GRANTS Petitioner's petition. See United States v. Carcamo, --Fed. App'x --, 2019 WL 3302360, at *1 (9th Cir. July 23, 2019) (reversing conviction for RICO conspiracy under § 1962(d) pursuant to Davis which held the residual clause of § 924(c) to be unconstitutionally void for vagueness); United States of America v. Jackson, --F.3d --, 2019 WL 3423363, at *2 (7th Cir. July 30, 2019) (vacating conviction of using or carrying a firearm to commit a crime of violence and remanding for resentencing); United States v. Villegas-Rosa, Case No. 4:17-00016-CR-RK, 2019 WL 3323134, at *4 (W.D. Mo. July 24, 2019) (granting defendant's motion to dismiss portion of counts that alleges RICO conspiracy as a predicate crime of violence under 18 U.S.C. § 924(c)).

**Conclusion**

Based on the above, the Court GRANTS the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 as to the sentence for RICO conspiracy and vacates the sentence on Count One. Petitioner is entitled to re-sentencing and the Court DIRECTS the government to take necessary steps to have Petitioner transported to this district for a

re-sentencing hearing to be held on **September 26, 2019 at 1 p.m.**  A status hearing will be held on **August 27, 2019 at 9 a.m.**

IT IS SO ORDERED.

Dated: August 20, 2019

Hon. Gonzalo P. Curiel
United States District Judge